IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS #1181239 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv436 |
| UNKNOWN LAYTON, et al., | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil rights lawsuit under 42 U.S.C. § 1983 to challenge alleged violations of his constitutional rights as an inmate of the Texas Department of Criminal Justice (TDCJ). The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations and Relevant Background**

Plaintiff filed his original complaint in November 2022. On November 16, 2022, the Court found that it suffered from several defects preventing it from being served. First, the Court observed that the complaint itself did not allege any facts with specificity and that Plaintiff seemed to be relying on a separate filing of more than 200 pages of documents to assert his claims. (Dkt. #6 at 1–2.) The Court advised Plaintiff as follows on that point:

> This attempt to incorporate separate materials into a complaint would not fairly apprise any Defendant served with the complaint of the claims against him or their factual bases. Moreover, it is not the responsibility of the Defendants or the Court to comb through hundreds of pages of random exhibits in search of facts or claims that are not spelled out in the body of the complaint, and Plaintiff may not rely on a bulk of attachments to state a legal claim. *Vizcayno v. Michael Unit*, No. 6:18CV440, 2020 WL 5536504, at *11 (E.D. Tex. July 26, 2020), *report and recommendation adopted*, No. 6:18CV440, 2020 WL 5534579 (E.D. Tex. Sept. 14, 2020) ("The Court is not required to search through the amended complaint(s) and any exhibits in order to glean a clear and succinct statement of each claim for relief.

> Instead, it is the responsibility of the Plaintiff to edit and organize his claims and supporting allegations into a manageable format.").

(*Id.* at 2.)

The Court also found that Plaintiff appeared to be improperly joining unrelated claims in a single complaint, observing that "he sues different Defendants, at different locations, for unrelated alleged violations ranging from a wrongful disciplinary conviction to inadequate medical care." (*Id.*). For both these reasons, the Court ordered Plaintiff to amend his complaint to clarify his claims and to demonstrate a viable basis for a lawsuit. (*Id.* at 3–4.) The Court also denied Plaintiff's separate motion to present the exhibits referenced above, "without prejudice to Plaintiff's ability to attach any relevant exhibits to his amended complaint." (*Id.* at 5.)

Plaintiff filed his amended complaint on December 19, 2022. His entire statement of claim is:

> All grievance must be screen at unit level, then they are sent to central grievance office. [Illegible] is ran by Bobby Lumpkin, Board of Pardon etc. I have exhausted all my state remedies by presenting already 70 exzibits [sic] showing how the claim I can't grieve. It my constitutional right to grieve the readiness of the state. Let alone report crimes like I documented in this exzibit [sic]. I also motions court to present more exzibits [sic] to envoke criminal justice reform. I have gotten no relief on grievance level for disciplinary appeal etc.

(Dkt. #8 at 4.)

Plaintiff sues the unnamed unit grievance investigators at TDCJ's McConnell Unit and Coffield Unit for disregarding policy, violating his civil rights, and refusing to grant relief or otherwise act on his reports of misconduct. (*Id.* at 3.) He sues TDCJ Director Bobby Lumpkin for refusing to "grant criminal justice reform & release [Plaintiff] even with new evidence namely Texas DNA mix project case report." (*Id.*) And he sues the Texas Board of Pardons and Paroles for failure to respond to Plaintiff's several I-60 reports about his actual innocence based on the

same "new evidence." (*Id.*) He seeks release from prison, unspecified money damages for pain and suffering, criminal justice reform, and "to press charges for official oppression etc." (*Id.* at 4.)

Despite the Court's clear advice that Plaintiff cannot state a claim for relief through a mass of exhibits, Plaintiff once again filed a separate "motion to make 'present' additional exzibit's" [sic] with a number of grievances and other institutional records comprising 71 pages. (Dkt. #9.) The motion itself is rambling and incoherent, but the gist of it seems to be that Plaintiff has tried many times to exhaust administrative remedies, but officials will not respond to his submissions.

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is also proceeding *in forma pauperis*. His complaint is thus subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), each of which requires *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially

3

noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even

at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### III. Discussion and Analysis

As an initial matter, it is clear that Plaintiff has ignored the Court's admonitions about combining unrelated claims in the same suit. However, for the reasons explained below, it is equally clear that none of Plaintiff's claims have any merit. Accordingly, in the interest of judicial economy, the undersigned will proceed to evaluate all his claims in a single action rather than devoting more time and resources to seeking further amendment or severing Plaintiff's various claims into separate actions.

#### A. Grievance Procedure Claims

Plaintiff's claims that his grievances have been ignored or mishandled in the McConnell and Coffield Units do not establish a violation of his constitutional or federal statutory rights. Like all prisoners, Plaintiff has no due process right to an effective prison grievance system, and "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Schwarzer v. Wainwright*, 810 F. App'x 358, 360 (5th Cir. 2020) ("Schwarzer cannot demonstrate that prisoners have a constitutional right to a grievance system.").

Plaintiff asserts that the manner in which his grievances have been handled violates applicable policy, but TDCJ policy does not create a federally-protected right, and "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

Finally, Plaintiff might be asserting some right to official action particularly on his "complaints of misconduct." (Dkt. #8 at 3.) But citizens do not have any constitutional right to

have another individual investigated, disciplined or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation.

Plaintiff's claims against the Defendant unit grievance investigators, therefore, fail to state a claim for which relief can be granted.

B. Actual Innocence Claims

Plaintiff's claim that Defendant Lumpkin and the Texas Board of Pardons and Paroles have wrongfully ignored his actual innocence of the crime for which he is in prison directly challenges the validity of his criminal conviction and is, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly*

through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Ordinarily, dismissal of a claim as barred by *Heck* and *Dotson* is without prejudice to a plaintiff's ability to re-file his Section 1983 claim if and when he succeeds in having his conviction overturned or invalidated through proper means. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")

In this case, however, these claims fail for the additional reason that neither Director Lumpkin nor the Board have the lawful responsibility to investigate and determine Plaintiff's guilt or innocence or the power to vacate his conviction. Plaintiff cites no authority establishing that Defendant Lumpkin has the power to unilaterally release him from prison prior to the expiration of his sentence, and Plaintiff has no constitutional right to parole or a pardon. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Williams v. Ownes*, No. 3:13-CV-4557-G BH, 2014 WL 988545, at *2 (N.D. Tex. Mar. 13, 2014) ("There is, however 'no federal constitutional right to a clemency pardon.'").

Thus, even if Plaintiff were ever to succeed in a state or federal habeas or other state court action in having his conviction vacated, he still would have no viable claim that Lumpkin or the Board have violated his rights in failing to release him before then. Accordingly, Plaintiff fails to state a claim for violation of his constitutional rights by Defendant Lumpkin or the Board.

**IV. Conclusion**

For the reasons set forth above, every claim in Plaintiff's amended complaint fails as a matter of law. Plaintiff's lawsuit should therefore be dismissed with prejudice for failure to state a claim for which relief can be granted.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim for which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 16th day of January, 2023.

K. Nicole Mitchell
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE