# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, #1181239, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-436-JDK-KNM |
| | § | |
| UNKNOWN LAYTON, et al | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, a Texas Department of Criminal Justice inmae proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On January 16, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for failure to state a claim for which relief can be granted.  Docket No. 11.  Plaintiff filed written objections to the Report.  Docket No. 14.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects.  Frivolous, conclusory, or general objections need not be considered by the district judge.  *See Nettles v. Wainwright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc).  Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review.  *See United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

The Magistrate Judge found that Plaintiff's allegations of mishandled grievances do not state a claim for violation of his rights, because prisoners do not have a federal right to an effective prison grievance system.  Docket No. 11 at 5–6.  She also found that Plaintiff has not stated a claim that would make Director Lumpkin or the Texas Board of Pardons or Paroles liable in connection with his assertion of innocence of the crime for which he is incarcerated and that any such claim would not be cognizable while his conviction stands.  *Id.* at 6–8.

2

Plaintiff's objections also complain that he obtained no relief in response to his grievances and that TDCJ officials are failing to abide by TDCJ grievance policies. Docket No. 14 at 1–2. He argues that "it is [his] constitutional right to grieve the readiness of the state." *Id.* For the reasons explained by the Magistrate Judge, that claim is incorrect as a matter of law. *See* Docket No. 11 at 5. Next, Plaintiff uses his objections to "remind [the] court of [his] actual innocence claim" and seek release from prison. Docket No. 14 at 2. But he does not identify any error in the Magistrate Judge's analysis or conclusion that Plaintiff does not state a claim for which relief could be granted against either Defendant on that issue. Finally, the remainder of Plaintiff's objections concern an alleged sexual assault, difficulty with mail receipts, and other matters not at issue in this case.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. The Court **DISMISSES** Plaintiff's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

So **ORDERED** and **SIGNED** this **16th** day of **February, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE